UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID CONNOLLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-1905 CAS |
| | ) |
| UNION PACIFIC RAILROAD | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on plaintiff's motion to remand. Defendants oppose the motion and the matter is now fully briefed. The Court will grant the motion and remand the case for the reasons set forth below.

**I. BACKGROUND**

This wrongful death action was initially filed in the Circuit Court of the City of St. Louis. Plaintiff died when the motor vehicle she was operating was struck by a train owned and operated by defendant Union Pacific Railroad Company. Plaintiff's surviving spouse brings this action, naming as defendants Union Pacific Railroad Company ("UP"); Keith Burks, the engineer of the train; and Mark Slabodnik, the conductor. Both Burks and Slabodnik are employees of the National Railroad Passenger Corporation (Amtrak). In his ten-page petition, plaintiff alleges, among other things, that UP failed to properly maintain the crossing and right-of-way; failed to properly construct the crossing; and failed to provide adequate warning devices to warn motorists of oncoming trains. Plaintiff alleges defendants Burks and Slabodnik were negligent in their operation of the train.

Defendants removed the action to this Court on the basis of federal question jurisdiction,

citing 28 U.S.C. § 1441, stating that plaintiff raises many issues that place substantial issues of federal law in dispute. UP then filed a third party action against Amtrak, a federally chartered company.

Plaintiff now moves to remand on the basis that federal question jurisdiction does not exist because his state law claims do not require the interpretation and construction of federal statutes and regulations. Plaintiff also argues UP's third party action against Amtrak does not create a federal question.[1]

## II. DISCUSSION

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998). In determining whether a claim "arises under" federal law, courts must be "mindful that the nature of federal removal jurisdiction—restricting as it does the power of the states to resolve controversies in their own courts—requires strict construction of the legislation permitting removal." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

---

[1] In its response, UP denies that its removal is based on its third-party action against Amtrak. Accordingly, there is no need for the Court to address this argument.

2

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)), cert. denied, 532 U.S. 921 (2001). A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996) (quoting Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28 (1983)).

In most instances, the presence or absence of a federal question is governed by the well-pleaded complaint rule "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392. A plaintiff is the master of his complaint, and may avoid federal removal jurisdiction by exclusive reliance on state law. Id. "Congress has long since decided that federal defenses do not provide a basis for removal." Id. at 399. "Thus, a case may not be removed to federal court on the basis of a defense, even if the defense in anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (internal quotations and alterations omitted).

There are limited circumstances, however, in which the presentation of a federal defense will give rise to federal jurisdiction. The doctrine of complete preemption is a narrow exception to the

3

well-pleaded complaint rule. Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000). Complete preemption applies in circumstances where certain federal statutes are deemed to possess "'extraordinary pre-emptive power,' a conclusion courts reach reluctantly." Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). Under the doctrine, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S. at 393. "Whether federal law pre-empts a state-law cause of action is a question of congressional intent." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252 (1994). Courts "must determine whether Congress has clearly manifested an intent to make a cause of action pleaded under state law removable to federal court, mindful that in the ordinary case federal preemption is merely a defense to a plaintiff's lawsuit." Magee v. Exxon Corp., 135 F.3d 599, 602 (8th Cir. 1998) (internal citation omitted).

The artful pleading doctrine provides that a plaintiff may not defeat removal by omitting to plead necessary federal questions. Rivet, 522 U.S. at 475. The artful pleading doctrine is limited to federal statutes which "so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal." Metropolitan Life, 481 U.S. at 63.

The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986); see also Gully v. First Nat'l Bank, 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit.") As previously stated, federal jurisdiction exists only in those circumstances where a federal question is presented by a well-pleaded complaint

4

which show that either federal law creates the cause of action, or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 13 (1983).

Under the "well-pleaded complaint" rule, a plaintiff may avoid federal removal jurisdiction by exclusive reliance on state law. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); M. Nahas & Co., Inc. v. First Nat'l Bank of Hot Springs, 930 F.2d 608, 611 (8th Cir. 1991). A narrow exception to the well-pleaded complaint rule provides that a plaintiff cannot by artful pleading prevent the removal of a case by concealing the federal question that would "necessarily have appeared if the complaint had been well pleaded." M. Nahas & Co. Inc., 930 F.2d at 612 (citation omitted); see Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981).

This exception is generally limited to federal statutes which "so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal", Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987), and has been applied primarily in the context of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). See United Jersey Banks v. Parell, 783 F.2d 360, 368 (3d Cir.), cert. denied sub nom First Fidelity Bancorp. v. Parell, 476 U.S. 1170 (1986); see, e.g., Hillard v. Dobelman, 774 F.2d 886, 887 (8th Cir. 1985) (petition framed as a state law tort action was in reality a claim for breach of collective bargaining agreement under the LMRA). Courts have cautioned against an expansive application of the exception, on the basis that it may raise thorny issues of federal-state relations and "could effectively abrogate the rule that a plaintiff is master of his or her complaint." United Jersey Banks, 783 F.2d at 368; see Hunter v. United Van Lines, 746 F.2d 635, 640 (9th Cir. 1984), cert. denied, 474 U.S. 863 (1985).

In determining whether a claim "arises under" federal law, this court must be "mindful that the nature of federal removal jurisdiction—restricting as it does the power of the states to resolve controversies in their own courts—requires strict construction of the legislation permitting removal." Nichols v. Harbor Venture, Inc., 284 F.3d 857 (8th Cir. 2002) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).

In support of remand, plaintiff argues that the claims in his petition are made entirely in terms of Missouri law, specifically, for Missouri common law negligence. Plaintiff notes that he cites two federal authorities: (1) the Manual on Uniform Traffic Control Devices ("MUTCD") for streets, highways and railroad grades and crossings, including the crossing where the collision giving rise to this cause of action occurred; and (2) 23 C.F.R. § 646.214(b)(3). Plaintiff contends these federal authorities are merely referenced as a means of creating a duty, the violation of which may constitute negligence under Missouri law. He argues that he does not state any federal claims, but instead references the two federal authorities in support of an element of his state law claims. Thus, plaintiff argues that when the references to the federal authorities are considered in the context of the state law negligence claim, it is evident federal question jurisdiction does not exist.

This Court agrees. The federal authorities are "elements" of the state claim, but only to the extent that they provide a reference as a means of creating a duty, the violation of which may constitute negligence under Missouri law. That is, plaintiff makes reference to the federal authorities as a standard upon which to measure defendants' negligence, not necessarily for the assertion that defendants violated the statute and should be liable. Cf. Commonwealth of Massachusetts v. V & M Mgmt., Inc., 752 F. Supp. 519, 521 (D. Mass 1990), appeal dismissed, 929 F.2d 830 (1st Cir. 1991) (federal housing regulations were "indicia" and an element of a state consumer protection claim

6

where they were incorporated into a state statutory definition of "unfair and deceptive practices".) It does not appear that the two federal authorities referred to by plaintiff in his petition must be interpreted, nor is there any assertion that it is in conflict with state law. "Not every question of federal law involved in a suit is proof that a federal law is the basis of the suit." Rosecrans v. Lozier, 142 F.2d 118, 123 (8th Cir. 1944).

Defendants rely on Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 125 S.Ct. 2363 (2005) and Lundeen v. Canadian Pac.Ry. Co., 447 F.3d 606 (8th Cir. 2006). The Court does not find either case controlling.

An action that contains an important issue of federal law may establish federal question jurisdiction in some instances. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 125 S.Ct. 2363, 2368 (2005). In Grable, the plaintiff filed a quiet title action in Michigan state court alleging that the defendant's title to certain property was invalid, and defendant removed. 125 S.Ct. at 2366. A Michigan court rule required the complaint to specify the facts establishing the superiority of [its] claims, and plaintiff premised its superior title claim on the IRS' failure to give it adequate notice, as defined by federal law. Id. at 2368. Whether the plaintiff was given notice within the meaning of the federal statute, the Court recognized, was thus "an essential element of its quiet title claim, and the meaning of the federal statute [was] actually in dispute . . . . " Id. In finding federal question jurisdiction, the Court observed that the meaning of the federal tax provision was an important issue of federal law that belonged in federal court, particularly in light of the government's interest in the prompt and certain collection of delinquent taxes, and the IRS' need for certainty in notice requirements to provide buyers of seized property assurance that the IRS has taken all steps required to convey good title. Id. (quoting United States v. Rodgers, 461 U.S. 677, 709 (1983)). Since then

the Supreme Court has noted that matters that will properly merit federal jurisdiction under Grable will be rare. Empire Healthchoice Assur., Inc. v. McVeigh, 126 S.Ct. 2121, 2137 (2006). This is because Grable did not overturn the rule that federal question jurisdiction exists only when a state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. Grable, 125 S.Ct. at 2368. The mere presence of a federal issue does not automatically confer federal question jurisdiction. Merrell Dow, 478 U.S. at 813. This Court does not construe plaintiff's reference to two federal authorities as creating "substantial questions of federal law" which would confer jurisdiction on this Court. Cf. Merrell Dow, 478 U.S. at 814.

Nor does the Court find Lundeen v. Canadian Pac. Ry. Co., 447 F.3d 606 (8th Cir. 2006) dispositive. In Lundeen the plaintiffs sued for personal injuries and property damage following a freight train derailment. The railroad removed to federal district court based on federal question jurisdiction. Plaintiffs amended their complaint in an attempt to defeat federal question jurisdiction. The district court declined to exercise its discretionary jurisdiction over what it construed to be remaining state law claims and remanded to state court, and the railroad appealed. The amended complaint alleged, among other things, the railroad negligently inspected its tracks by failing to comply with the rules and regulations of the Federal Railroad Administration (FRA). The Eighth Circuit held that the district court continued to have jurisdiction through complete preemption of the state law claim of negligent inspection. The panel looked to the Federal Railroad Safety Act (FRSA) and the extent to which relevant regulations adopted pursuant to it address negligent track inspection. They found complete preemption because it was "clear the FRA regulations [were] intended to

prevent negligent track inspection and there [was] no indication the FRA meant to leave open a state cause of action."

Thus, the case law holds that complete preemption depends on the existence of a comprehensive regulatory scheme. In this case, plaintiff's state law claims are not completely preempted by the FSRA because no regulatory scheme exists for those causes of action. Rosecrans v. Lozier, 142 F.2d 118, 123 (8th Cir. 1944). The Court also notes defendants have failed to cite any circuit court authority that has held that the FRSA completely preempts a state claim so as to create federal jurisdiction. Cf. Chapman v. LabOne, 390 F.3d 620, 628-29 (8th Cir. 2004) (no preemption found as to common law claims arising from alleged deficient performance in drug testing process because "applicable statute and regulations concerning drug testing do not establish an intent to preempt the substantive common law at issue," where the FRA's drug testing regulations included an anti-waiver provision"); Peters v. Union Pac. R.R., 80 F.3d 257, 262 (8th Cir. 1996) (removal justified; complete preemption of state laws affecting railroad safety found where the Secretary of Transportation has promulgated regulations explicitly setting out a comprehensive administrative adjudication system for handling certification disputes which applied to plaintiff's conversion claim). Thus, in Peters, the comprehensive administrative adjudication system for handling certification disputes influenced the court's complete preemption analysis.

### III. CONCLUSION

The Court concludes that plaintiff's motion to remand should be granted. Plaintiff's request for fees and expenses will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**. [Doc.13]

**IT IS FURTHER ORDERED** that plaintiff's request for fees and expenses is **DENIED**.

**IT IS FURTHER ORDERED** that the parties are granted leave to file supplemental memoranda addressing plaintiff's motion to remand. (Docs. 22, 23)

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of September, 2006.